```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                   MIDDLE DISTRICT OF PENNSYLVANIA
```

```
KRISTIE BRYERTON,              :   No. 4:05-CV-1987
                               :
       Plaintiff,              :   (Notice of removal filed 9/30/05)
                               :
       v.                      :   Judge Muir
                               :
NATIONWIDE MUTUAL INSURANCE    :
COMPANY,                       :
                               :
       Defendant               :
```

ORDER

March 20, 2006

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

Plaintiff Kristie Bryerton initiated this action on September 2, 2005, by filing a complaint in the Court of Common Pleas of Clinton County, Pennsylvania. By way of a notice filed on September 30, 2005, Defendant Nationwide Mutual Insurance Company (hereinafter "Nationwide") removed the matter to this court. Bryerton's sole claim is that Nationwide has improperly failed to pay her insurance claim for underinsured motorist benefits. The relief she seeks is a declaratory judgment.

On February 10, 2006, the parties filed a document entitled "Joint Submission of Stipulated Facts" which provides in relevant part as follows:

> 20. The sole issue before the Court in this declaratory judgment action is whether Plaintiff is entitled to underinsured motorist benefits pursuant to the Nationwide policy, 5827D133576, and Endorsement 2360 to said policy.

>   21.  The parties agree that there are no genuine issues of material fact and that it is appropriate for Your Honorable Court to resolve this issue as a matter of law based upon cross-motions for Summary Judgment to be filed by Plaintiff and Defendant.

(Joint Submission of Stipulated Facts, ¶¶20, 21)

On February 10, 2006, Bryerton filed her motion for summary judgment.  A brief in support of that motion was filed on February 13, 2006.  Nationwide filed its opposition brief on February 20, 2006.  Bryerton filed her reply brief on February 20, 2006.

On February 27, 2006, Nationwide filed its summary judgment motion and a supporting brief.  Bryerton filed her opposition brief on March 8, 2006.  Nationwide filed its reply brief on March 14, 2006, thereby ripening both summary judgment motions for disposition.

Summary judgment is appropriate only when there is no genuine issue of material fact which is unresolved and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56©.  Initially, the moving party has the burden of demonstrating the absence of a genuine issue of material fact. Celotex Corporation vs. Catrett, 477 U.S. 317, 323 (1986).  This may be met by the moving party pointing out to the court that there is an absence of evidence to support an essential element as to which the non-moving party will bear the burden of proof at trial. Id. at 325.

Rule 56 provides that, where such a motion is made and properly supported, the adverse party must show by affidavits, pleadings, depositions, answers to interrogatories, and admissions on file that there is a genuine issue for trial. Fed. R. Civ. P. 56(e). The United States Supreme Court has commented that this requirement is tantamount to the non-moving party making a sufficient showing as to the essential elements of its case that a reasonable jury could find in its favor. Celotex Corporation v. Catrett, 477 U.S. 317, 322-23 (1986).

The same standard governs cross-motions for summary judgment. Continental Ins. Co. v. Kubek, 86 F. Supp. 2d 503, 505 n.2 (E.D. Pa. 2000)(Katz, J.)(citing Appelmans vs. Philadelphia, 826 F.2d 214, 216 (3d Cir. 1987)).  When considering such cross-motions "each motion must be considered separately, and each side must still establish a lack of genuine issues of material fact and that it is entitled to judgment as a matter of law." Nolen v. Paul Revere Life Ins. Co., 32 F. Supp. 2d 211, 213 (E.D. Pa. 1998)(Robreno, J.).  With those principles in mind we turn to the material facts of this case, all of which have been presented to us in the parties' "Joint Submission of Stipulated Facts."

Plaintiff, Kristie Bryerton, is an adult individual residing at 821 Woodward Avenue, Lock Haven, Clinton County, PA 17745.  On June 2, 2003, Plaintiff was, and still is, married to Justin Bryerton, residing at 821 Woodward Avenue, Lock Haven, Clinton

County, PA 17745.  Plaintiff's husband, Justin Bryerton, owned a 1996 Honda Accord motor vehicle.

The Bryerton vehicle was insured under a policy of motor vehicle insurance issued by Horace Mann Insurance Company (hereinafter "Horace Mann").  The Horace Mann policy contained underinsurance motorist benefits in the amount of $15,000 per person/$30,000 per occurrence.  As a resident relative (wife) of Justin Bryerton, Plaintiff, Kristie Bryerton, was an "insured" under the Horace Mann policy for underinsured motorist benefits on June 2, 2003.

On June 2, 2003, Kristie Bryerton was a passenger in the 1996 Honda Accord owned by her husband.  The operator of the vehicle was Kristie Bryerton's father, David L. Masters.  Other occupants of the motor vehicle included David Masters' wife (who is Plaintiff's mother), Sharon Masters, and Plaintiff's husband, Justin Bryerton.

On June 2, 2003, at approximately 7:22 p.m., David Masters was driving the vehicle north on Route 64 in Walker Township, Centre County, Pennsylvania.  At that time and place, a vehicle driven by Gloria Ring of 211 East College Avenue, Pleasant Gap, Pennsylvania, was proceeding southbound on Route 64.  Ms. Ring attempted to pass a vehicle proceeding southbound in front of her and, in doing so, lost control of her vehicle causing it to cross the centerline and strike the Bryerton vehicle.  All occupants of

the Bryerton vehicle, including Plaintiff Kristie Bryerton, suffered injuries as a result of the collision.

After exhaustion of the policy limits of Gloria Ring's Nationwide liability policy, Plaintiff Kristie Bryerton, Justin Bryerton, David Masters, and Sharon Masters made claims for underinsured motorist benefits from the Horace Mann policy covering the vehicle they were occupying at the time of the collision.  The $30,000 underinsured motorist benefits provided by the Horace Mann policy was divided among Plaintiff Kristie Bryerton, Justin Bryerton, David Masters and Sharon Masters.

The collision was caused by the negligence of Gloria Ring. At the time of the accident, Gloria Ring was insured under a policy of insurance issued by Nationwide containing bodily injury liability limits of $30,000 per occurrence.  As a result of the collision and injuries to the occupants of the Bryerton vehicle, Nationwide, on behalf of its insured, Gloria Ring, paid its policy limits of $30,000, which was divided among the injured occupants of the Bryerton vehicle, i.e., Plaintiff Kristie Bryerton, Justin Bryerton, David Masters and Sharon Masters.  As defined by the Pennsylvania Motor Vehicle Financial Responsibility Act (75 Pa.C.S. § 1701, *et seq*.), Gloria Ring was an "underinsured motorist."

At the time of the collision, the driver of the Bryerton vehicle, David Masters, was insured under another policy of motor

vehicle insurance issued by Nationwide, Policy No. 5837D133576. Said policy provided underinsured motorist benefits in the amount of $100,000 per person, $300,000 per occurrence. David and Sharon Masters made claims for underinsured motorist benefits under the aforesaid policy and were each paid the $100,000 limit for an individual.

Plaintiff Kristie Bryerton made a claim for underinsured motorist benefits under the aforesaid Nationwide Policy No. 5837D133576. Defendant Nationwide denied that Plaintiff was entitled to underinsured motorist benefits under the policy. The denial was based upon the applicable policy and endorsements, specifically the "Other Persons" provision of endorsement 2360 as communicated by Nationwide to Bryerton's counsel by letter dated March 15, 2005.

The relevant portion of Endorsement 2360 provides as follows:

> OTHER PERSONS
> We will also pay compensatory damages ... to other persons who ... [a]re not a named insured or an insured household member for similar coverage under another policy ....

(Nationwide Policy Number 5837D133576, Endorsement 2360)

At the time of the collision, David and Sharon Masters resided at 115 Beech Tree Lane, Lock Haven, PA. Plaintiff Kristie Bryerton was not a named insured under the Nationwide Policy No. 5837D133576.

As a result of the parties' agreement upon those facts, the parties represent to us that

> [t]he sole issue before the Court in this declaratory judgment action is whether Plaintiff is entitled to underinsured motorist benefits pursuant to the Nationwide policy, 5837D133576, and Endorsement 2360 to said policy.

(Appellants' Brief, p. 2)  Based upon the specific policy language at issue, the definitive question is whether or not Kristie Bryerton was "a named insured or an insured household member for similar coverage under another policy." (Nationwide Policy Number 5837D133576, Endorsement 2360)  With respect to the applicable law, the parties further agree that in resolving the issue presented to us we are to "apply Pennsylvania's clear, well-settled rules governing the interpretation of an insurance contract." Nationwide Mutual Inc. Co. v. Reidler, 2000 WL 424286, *1 (E.D.Pa. April 19, 2000)(Katz, J.).

Pennsylvania courts have consistently held that where a policy provision is unclear and ambiguous, a court is required to construe the language in favor of the policyholder. Madison Construction Co. V. Harleysville Mutual Ins. Co., 557 Pa. 595, 606, 735 A.2d 100, 106 (1999).  However, full effect should be given to policy language which is clear and free from doubt. Id. "Contractual language is ambiguous 'if it is reasonably susceptible of different constructions and capable of being understood in more than one sense.'" Id. (citations omitted).

7

In determining whether a provision of an insurance policy is ambiguous, the terms or language in question are to be considered in the context of the entire policy and not set apart from the remaining provisions that are clear or free from doubt. Riccio v. American Republic Insurance Co., 453 Pa.Super. 364, 373, 683 A.2d 1226, 1231 (1996).  Moreover, a court is not to distort or alter the meaning of contractual terms in an effort to find an ambiguity in the contract. Madison Construction Co., 557 Pa. at 606, 735 A.2d at 106.  "[T]he court should read policy provisions so as to avoid ambiguity and not twist the language or rewrite the contract to create doubts where none exist." Nationwide Mutual Ins. Co. v. Reidler, 2000 WL 424286, *2 (E.D.Pa. April 19, 2000)(Katz, J.)(citing Medical Protective Co. v. Watkins, 198 F.3d 100, 103 (3d Cir. 1999); Northbrook Ins. Co. v. Kuljian Corp., 690 F.2d 368, 372 (3d Cir.1982); Madison Construction Co., 557 Pa. 595, 606, 735 A.2d 100, 106 (1999)).

Our analysis begins with the provisions of the policy relating to underinsured motorist coverage.  The policy endorsement at issue, number 2360, provides in relevant as follows:

**COVERAGE AGREEMENT**

**YOU AND A RELATIVE**

We will pay compensatory damages, including derivative claims, which are due by law to **you** or a **relative** from the owner or driver of an **underinsured motor vehicle** because of **bodily injury** suffered by **you** or a **relative**. ...

**OTHER PERSONS**

> We will also pay compensatory damages, including derivative claims, which are due by law to other persons who ... [a]re not a **named insured** or an **insured** household member for similar coverage under another policy ....

(Nationwide Policy Number 5837D133576, Endorsement 2360)  The bold terms which are not upper case are defined in the policy.[1]

Kristie Bryerton argues that she is not "a named insured or an insured household member for similar coverage under another policy."  She concedes that if she falls into either category described in that sentence, then she is not entitled to underinsured motorist benefits.

We will first consider whether Kristie Bryerton was "an insured household member for similar coverage under another policy." (Id.)  Bryerton's position is that she

> is not a household member of the policyholders ... and therefore, Plaintiff should qualify for coverage under this condition.  "Household member" must be interpreted to modify the policyholders, the Masters, as this is the Masters' insurance policy and there is no other express language referring to whom "household member" is supposed to modify.

(Plaintiff's Brief in Opposition to Defendant's Motion for Summary Judgment, pp. 3-4).

---

1. Bryerton does not contend that she qualifies for coverage because she is a "relative" of David masters.  The definition of "relative" in the policy covers only those who live in David Masters's household.  Bryerton does not live in that household and therefore is not a "relative" of Masters as that term is defined in the policy.

The potential insurance coverage of members of the Masters's household is addressed in the first paragraph of Endorsement 2360, entitled "You and a Relative." The term "relative" is defined to mean "one who regularly lives in your household." (Nationwide Policy Number 5837D133576, p. 2) The "household" mentioned in the second paragraph in Endorsement 2360 does not, as Bryerton would have us conclude, refer exclusively to the Masters's household.

When both the first and second paragraphs of Endorsement 2360 are considered, as Pennsylvania law requires us to do, we are of the view that "an insured household member for similar coverage under another policy" refers to any other policy.

According to the undisputed facts, Kristie Bryerton received underinsured motorist benefits pursuant to the policy issued by Horace Mann. Moreover, "[a]s a resident relative (wife) of Justin Bryerton, Plaintiff, Kristie Bryerton, was an 'insured' under the Horace Mann policy for underinsured motorist benefits on June 2, 2003." (Joint Submission of Stipulated Facts, p. 2, ¶6) According to those undisputed facts, Kristie Bryerton was "an insured household member for similar coverage under another policy." (Nationwide Policy Number 5837D133576, Endorsement 2360)

In her motion for summary judgment, Bryerton also argues that her coverage under the Horace Mann policy cannot be considered "similar" because the total dollar amount of coverage

under the Horace Mann policy was substantially less than that provided under the Nationwide policy.  We are of the view that in considering whether coverage is "similar" the relevant consideration is the qualitative nature, and not the quantitative amount, of the coverage.  We view the Horace Mann coverage to be similar to the Nationwide coverage because the insurance at issue in both policies was for underinsured motorist benefits.

Nationwide's refusal to provide underinsured motorist benefits under its policy is supported by the policy's language.  We will grant Nationwide's motion for summary judgment and deny Kristie Bryerton's summary judgment motion.

NOW, THEREFORE, IT IS ORDERED THAT:

1. Nationwide's summary judgment motion (Document 23) is granted.
2. Kristie Bryerton's summary judgment motion (Document 17) is denied.
3. The Clerk of Court shall enter a declaratory judgment in favor of Nationwide providing that the language in Endorsement 2360 of Nationwide Policy No. 5837D133576 disqualifies Kristie Bryerton from receiving underinsured motorist coverage under that policy.

    4.   The Clerk of Court shall close this case.

<u>s/Malcolm Muir</u><br>
MUIR, U.S. District Judge

MM:ga